## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CASE NO. 22-CR-0052-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.  DONNIQUE HESTER,

        Defendant.

---

## MR. HESTER'S UNOPPOSED MOTION TO CONTINUE TRIAL AND TO EXCLUDE 30 DAYS FROM THE SPEEDY TRIAL ACT

---

<table>
<tr><td><strong>Certificate of Conferral</strong><br><br>Undersigned Counsel conferred with Assistant United States Attorney Albert Buchman on April 12, 2022, about this motion and he confirmed that the Government stipulates to the relief sought in this motion.</td></tr>
</table>

Defendant, Donnique Hester ("Mr. Hester"), by and through Undersigned Counsel, Muhaisen & Muhaisen, LLC, hereby files Defendant Hester's Unopposed Motion to Continue Trial, respectfully asking the Court to extend the pretrial deadlines and continue the trial date for 30 days from the current trial-date scheduled to commence on May 9, 2022, and in support states as follows:

## I.    Procedural Background

1.      On February 9, 2022, the government filed a two (2) count indictment against Mr. Hester, alleging violations of 18 U.S.C. § 2113(a) and 18 U.S.C. § 922(g)(1).

3

*See* Doc. No. 1. On March 4, 2022, Undersigned Counsel entered his appearance. *See* Doc. No. 8. On March 7, 2022, an arraignment and discovery hearing were held, and Mr. Hester pleaded not guilty to the indictment and did not contest detention. Doc No. 12.

2.      On March 8, 2022, the Court set a Final Trial Preparation Conference/Change of Plea Hearing for April 26, 2022, at 3:00 p.m., and a Five-day jury trial to commence on May 9, 2022. *See* Doc. No. 15.

3.      The written documents in the discovery consist of investigative reports, witness interview reports, letters, photos, and other documents. The audio/video files consist of audio and videos of interviews, and body worn camera footage. There are multiple crime scenes in different parts of the metropolitan Denver area to visit. The discovery also includes reports and evidence from other cases that may have relevance to this matter.

4.      Undersigned Counsel was scheduled to be out of the country between March 22 – April 1, 2022, prior to entering his appearance in this matter. Those travels made it more difficult to meet with the Defendant, who is in custody, in a meaningful way to review discovery and discuss plea negotiations. Additionally, counsel attempted a visit to the Defendant's facility and was unable to meet with client due to a lockdown.

5.      Undersigned Counsel has had the opportunity to meet with the Defendant and has commenced plea negotiations with the Government. The Government extended an offer to Mr. Hester on April 12, 2022. Based on initial discussions, the prognosis for resolving this matter is high. However, the parties require additional time to negotiate and anticipate that 30 additional days would

3

suffice.

## II.   Standard for Continuances

6.   Title 18 U.S.C. § 3161(h)(7)(A) provides that a Court shall exclude a period of delay from the time within which a trial must commence when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(I)-(iv).

7.   Pertinent factors that apply to an "ends of justice" finding in the present case include:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or a result in a miscarriage of justice.

. . . .

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for the effective preparation, taking into account the exercise of due diligence.

*See* 18 U.S.C. §3161(h)(7)(B). *See also*, *United States v. Toombs*, 574 F. 3d 1262, 1268-69 (10th Cir. 2009).

8.  In the similar context of addressing trial continuances, the Tenth Circuit has set forth four factors that the Court should consider.  *See United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). According to the Tenth Circuit, the Court should consider: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance. *See id*. No single factor is determinative. *See id*.

9.  The decision to grant an "ends of justice" continuance is within the sound discretion of the Court, and is reviewed under an abuse of discretion standard. *See Toombs*, 574 F. 3d at 1262. "Adequate preparation time is a clearly permissible reason for granting a continuance and tolling the Speedy Trial Act." *United States v. Gonzales*, 137 F. 3d 1431, 1435 (10th Cir. 1998). The Supreme Court has recognized that "subsection (h)(7) expressly accounts for the possibility that a district court will need to delay a trial to give the parties adequate preparation time" to ensure that the ends of justice are met, and that "subsection (h)(7) provides 'much of the Act's flexibility.'" *Bloate v. United States*, 130 S. Ct. 1345 (2010).

4

### III.    Argument

10.    This case meets the criteria set forth in both 18 U.S.C. § 3161(h)(7) and *West*. Accordingly, Mr. Hester requests that this Court extend the pretrial motions deadlines and continue the trial for thirty (30) days from the current trial date.

11.    Undersigned Counsel entered his appearance on March 4th and trial was scheduled for May 9th, however Undersigned Counsel was out of the country for almost two-weeks of that time and requires an additional thirty (30) days to conduct necessary pre-trial investigation, review the significant discovery, consult with his client, consult with experts, research the statutes under which Mr. Hester is charged, and negotiate a potential plea-bargain. Finally, Undersigned Counsel is assisting Mr. Hester, pro bono, in a state matter in order to facilitate resolution of this case.

12.    The Government extended an offer to Mr. Hester on April 12, 2022. Counsel requires additional time to counsel Defendant on the offer.

13.    Mr. Hester requests that this Court extend the motions deadline and reset the pre-trial conference and the jury trial dates to ensure that his counsel has sufficient time to prepare the case trial and negotiate with the Government. As this request is made by Mr. Hester and for his benefit, he will not be prejudiced by the requested continuance.

14.    On April 12, 2022, Undersigned Counsel contacted the Assistant United States Attorney assigned to the case, Mr. Albert Buchman. Mr. Buchman expressed that he has no objection to this motion.

15.    The failure to grant the requested continuance in the present case would

result in a miscarriage of justice and would also deny Undersigned Counsel the reasonable time necessary for effective preparation. Further, given the nature of the case and volume of discovery, it would be unreasonable to expect counsel to prepare for trial under the currently set dates. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

16.    Finally, a continuance for the brief thirty (30) days would not offend the standard set forth by the Tenth Circuit in the *West* decision.

17.    The nature and facts of the case, including but not limited to, the amount of evidence, the type of evidence, the location of the evidence, and the necessary consultation, are such that no amount of diligent work can ensure effective assistance of counsel under the current deadlines nor prior to the trial date as contemplated by the current speedy trial timeframe.

18.    The requested extension would serve the requested purpose and allow for the completion of discovery, the necessary investigation, as well as the necessary preparation for trial.

WHEREFORE, Mr. Hester respectfully requests that this Court issue an Order extending case deadlines and continuing the trial thirty (30) days. If the Court cannot accommodate a trial setting within thirty days, the Defendant will agree to additional exclusion of time from the Speedy Trial Act.

Respectfully submitted,

Muhaisen & Muhaisen, LLC


/S/ Wadi Muhaisen

Wadi Muhaisen
Muhaisen & Muhaisen, LLC

7

1435 Larimer Street, Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2022, I filed the foregoing **UNOPPOSED MOTION TO CONTINUE TRIAL AND TO EXCLUDE 30 DAYS FROM THE SPEEDY TRIAL ACT** with the Clerk of Court via ECF and served the following electronically:

United States Attorney
A.U.S.A. Albert Buchman, Esq.
1801 California Street
Suite 1600
Denver, CO 80202
Tel: (303) 454-0100
Fax: (303) 454-0400

/S/ Wadi Muhaisen

Wadi Muhaisen
Muhaisen & Muhaisen, LLC
1435 Larimer Street, Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com