IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 22-cr-00052-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONNIQUE JEROD HESTER,

    Defendant.

## PLEA AGREEMENT

The United States of America (the government), by and through Albert Buchman, Assistant United States Attorney for the District of Colorado, and the defendant, Donnique Jerod Hester, personally and by counsel, Wadi Muhaisen, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

### I. AGREEMENT

**A. Defendant's Plea of Guilty:**

The defendant agrees to

(1) plead guilty to Counts One and Two of the Indictment charging violations of Bank Robbery, 18 U.S.C. § 2113(a) and Possession of a Firearm or Ammunition by a Convicted Felon, 18 U.S.C. § 922(g)(1) respectively;

(2) waive certain appellate and collateral attack rights, as explained in detail below;

COURT EXHIBIT 1

  (3) agree not to contest forfeiture as more fully described below.

**B.**  **Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees to recommend a sentence at the low-end of the advisory guideline range as finally calculated by the Court. The parties understand that this agreement is not binding on the Court. Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two-level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

**C.**  **Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

  (1) the sentence exceeds the maximum sentence provided in the statutes of conviction, 18 U.S.C. § 2113(a) and 18 U.S.C. § 922(g)(1);

  (2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 23; or

  (3) the government appeals the sentence imposed.

If the first criteria applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i)

motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

### D. **Forfeiture of assets**:

The defendant admits the forfeiture allegations. The defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) whether in the possession or control of the United States, the defendant, the defendant's nominees, or elsewhere. The assets to be forfeited specifically include but are not limited to: (1) Hi-Point C9 9MM bearing serial number P178941, (2) recovered 9mm ammunition with headstamps marked "SIG" and "9mm LUGER." The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, the defendant hereby knowingly and voluntarily waives his/her rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him/her if notice is not sent within the prescribed time frames. The defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## II.   ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Bank Robbery, 18 U.S.C. § 2113(a), and Possession of a Firearm or Ammunition by a Convicted Felon, 18 U.S.C. § 922(g)(1), are as follows:

### Count One:  18 U.S.C. § 2113(a)

*First*: the defendant intentionally took from the person or the presence of the person, money;

*Second*: the money belonged to or was in the possession of a federally insured bank at the time of the taking;

*Third*: the defendant took the money by means of intimidation.

### Count Two:  18 U.S.C. § 922(g)(1)

*First*: the defendant knowingly possessed a firearm or ammunition;

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

*Third*: before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another or from a foreign country to the United States.

## III.   STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count One of the Indictment is not more than 20 years imprisonment; not more than $250,000 fine; or both; not more than three years supervised release, and a $100 special assessment fee.

The maximum sentence for a violation of Count Two of the Indictment is not more than 10 years imprisonment; not more than $250,000 fine; or both; not more than three years supervised release, and a $100 special assessment fee.

### IV.   COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

### V.   STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties stipulate the following are true and correct:

On July 13, 2021 at 3:32 pm, the defendant entered the federally insured U.S. Bank at 730 Colorado Blvd. in Denver, State and District of Colorado. He approached the Victim teller A.P. and stated, "I need you to kick me $700." Victim, initially thinking the defendant was requesting a routine withdrawal, asked for his identification and prepares to fill out a withdrawal slip. The defendant responded, "Nah, I need you to kick me the

money." Victim, still confused, again asked him for his identification to which the defendant raised his voice and stated, "Just kick it to me. You know what that means. Give me the money."

Victim realized a robbery was occurring. She triggered the silent alarm. The defendant tells her, "Don't you press that button." Victim counted out $700 held in the possession of U.S. Bank. Before she finished, the defendant slammed the counter and stated aggressively, "Give me the money." Victim, now intimidated and in fear, handed the defendant $180 she had counted thus far, and he fled the building.

On November 30, 2021, the Denver Police Department was conducting surveillance at 1523 N. Verbena St., a high-crime housing complex. They observed the defendant by a nearby Dodge Caravan. He was observed moving to the back of the vehicle and holding his waistband in a manner that indicated to the officers that he had a weapon.

The defendant then fled and ran toward one of the front doors of the complex, holding a handgun in his hand but not pointing it at any officer or anyone else present. A Denver police officer tackled the defendant as he was trying to enter a doorway. The gun fell to the ground during arrest and was later determined to be a functional Hi-Point C9 9mm handgun loaded with ammunition, both of which had previously moved in interstate commerce. The defendant resisted and was uncooperative during arrest and identification, injuring Denver police officers.

While he was detained, the defendant began yelling at a woman on scene to grab his keys and lock the Dodge Caravan. Denver police officers saw in plain view in the vehicle an additional Glock 9mm handgun, .40 caliber cartridges, digital scale, plastic

bags, and suspected crack cocaine. That Dodge Caravan was determined to have been previously stolen.

## VI   ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Base offense level:
   a. Under USSG § 2K2.1(a)(4)(A), the base offense level is **20** because the defendant committed the offense subsequent to sustaining one felony conviction for a crime of violence, namely robbery in violation of C.R.S. § 18-4-301(1).

b) Specific offense characteristics:
   a. There is a **four-level increase** because the defendant possessed a firearm in connection with another felony offense. USSG § 2K2.1(b)(6)(B).

c) Adjustments: Grouping of Relevant Conduct
   a. Counts One and Two are counted as separate groups because they are not closely related counts per Section 3D1.2.

        b. As it relates to the multi-count analysis above, Count One is calculated to have offense level of 22, resulting from a base level of 20 pursuant to USSG § 2B3.1(a) and a two-level increase per Section 2B3.1(b) because property of a financial institution was taken.

        c. Thus, because there is a two-level difference in offense level between Counts One and Two, there exists two units leading to **a two-level increase** pursuant to USSG § 3D1.4.

d) The adjusted, combined offense level is 26.

e) Assuming Defendant pleads guilty, he should receive a three-level decrease in the offense level by based upon his acceptance of responsibility. USSG § 3E1.1.

f) The resulting total offense level is 23.

g) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category V.

h) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

i) The advisory guideline range resulting from these calculations is 84-105 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 46 months (bottom of Category I) to 115 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

j) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be $20,000 to $ 200,000 plus applicable interest and penalties.

k) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term at least one year but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less

than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VI. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 5/17/22

Donnique Hester
Defendant

Date: 5-17-22

Wadi Muhaisen
Attorney for Defendant

Date: 5/5/2022

s/ Albert Buchman
Albert Buchman
Assistant U.S. Attorney