IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00052-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DONNIQUE HESTER,

    Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

    COMES NOW the United States of America ("United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), moves this Court to enter a Preliminary Order of Forfeiture of the following property:

        a. Hi-Point C9 9mm handgun, bearing serial no. P178941, and

        b. 9mm ammunition with headstamps marked "SIG" and "9mm LUGER."

In support of this motion, the United States sets forth the following:

    1.    On February 9, 2022, the grand jury charged defendant Donnique Hester by Indictment in Count 1 with bank robbery, in violation of 18 U.S.C. § 2113(a), and in Count 2 with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1-2).

    2.    The United States also sought forfeiture from defendant Donnique Hester, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), of any of the defendant's right, title, and interest in all firearms and ammunition involved in the commission of the

offenses, including but not limited to:

    a.  Hi-Point C9 9mm handgun, bearing serial no. P178941, and

    b.  9mm ammunition with headstamps marked "SIG" and "9mm LUGER."

3. On May 31, 2022, the United States and defendant Donnique Hester entered into a Plea Agreement. The Plea Agreement provides, among other things, that the defendant agreed to plead guilty to Count 1, a violation of 18 U.S.C. § 2113(a), and Count 2, a violation of 18 U.S.C. § 922(g)(1), of the Indictment. (Doc. 24 at 1-2). Defendant Donnique Hester also agreed to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), including the firearm and ammunition listed above. (Doc. 24 at 4).

4. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture. Fed. R. Crim. P. 32.2(b)(2)(A).

5. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant." Fed. R. Crim. P. 32.2(b)(2)(B).

6. The United States and defendant Donnique Hester agree that on November 30, 2021, the defendant was observed by Denver Police Department officers in a neighborhood in Denver, Colorado standing near a Dodge Caravan, which was later determined to be stolen. As officers approached, the defendant attempted to flee the

area while holding a handgun that was later determined to be the Hi-Point C9 9mm handgun, bearing serial number P178941, which was loaded with ammunition.

7. The United States and defendant Donnique Hester agree that prior to the time defendant Donnique Hester possessed the handgun, he had been convicted of a felony, that is a crime punishable by a term of imprisonment exceeding one year. Accordingly, the defendant's interest in the above listed firearm and ammunition are subject to forfeiture to the United States, pursuant to 18 U.S.C. § 924(d).

8. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property.  The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

///

DATED this 30th day of June 2022.

                        Respectfully submitted,

                        COLE FINEGAN
                        United States Attorney

By:    s/ *Kurt J. Bohn*
         Kurt J. Bohn
         Assistant United States Attorney
         United States Attorney's Office
         1801 California Street, Suite 1600
         Denver, Colorado 80202
         Telephone: (303) 454-0100
         E-mail: kurt.bohn@usdoj.gov
         *Attorney for the United States*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of June 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

                                                     s/ *Jason Haddock*
                                                     FSA Paralegal
                                                     U.S. Attorney's Office