IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

Civil Action No.: 22-cv-02194-CMA
Criminal Action No.: 22-cr-00052-CMA

**UNITED STATES OF AMERICA,**

        **Plaintiff-Respondent,**

  vs.

**DONNIQUE J. HESTER,**

        **Defendant-Movant.**

---

**UNITED STATES' RESPONSE TO MOTION TO VACATE CONVICTION
AND SENTENCE UNDER 28 U.S.C. § 2255 [DOC. 42]**

_____

Defendant Donnique J. Hester pleaded guilty to bank robbery and possessing a gun and ammunition as a convicted felon. Docs. 23-24; 39 at 1; Attach. at 2-3. The Court sentenced him to 92 months in prison in August 2022. Doc. 39 at 2. That same month, Hester moved to vacate his conviction and sentence under 28 U.S.C. § 2255. Doc. 42. The Court ordered the government to respond. Doc. 43. Hester's motion should be rejected.

## BACKGROUND

In his plea agreement, Hester stipulated that he entered a U.S. Bank and told the teller, "I need you to kick me $700." Doc. 24 at 6. Presuming Hester was attempting to withdraw money from his account, the teller asked Hester for his identification. Doc. 24 at 6. Hester responded, "Nah, I need you to kick me the money."

Doc. 24 at 6-7.  When the teller again asked for identification, Hester raised his voice and said: "Just kick it to me.  You know what that means.  Give me the money."  Doc. 24 at 7.  The teller triggered the silent alarm and started counting out money.  Before she was done, Hester slammed the counter and said, "Give me the money."  Doc. 24 at 7; *see also* Attach. at 5-6 (despite stipulating to these facts, Hester disputed the last portion at sentencing).  The teller handed Hester $180, and he fled.  Doc. 24 at 7.

Separately, while officers were surveilling a housing complex, they saw Hester holding his waistband in a way that suggested he had a weapon.  Doc. 24 at 7.  Hester ran toward the housing complex while holding a handgun, and officers tackled him and arrested him.  Doc. 24 at 7.  Meanwhile, Hester yelled to his common-law wife—who attempted to interfere in the situation, according to the presentence investigation report, Doc. 33 at 5, 32—to lock up a nearby Dodge Caravan.  In plain view in that car was a handgun, cartridges, a digital scale, plastic bags, and suspected crack cocaine.  Doc. 24 at 7-8.  Officers discovered that the Caravan had been stolen.  Doc. 24 at 8.

Based on these events, the government charged Hester with bank robbery and possessing a gun and ammunition as a felon.  Doc. 1.  He pleaded guilty to those counts.  *E.g.*, Doc. 39 at 1 (judgment).  The Court sentenced him to 92 months in prison on each count, to run concurrently—the bottom of the applicable Guidelines range.  Doc. 39 at 2; Attach. at 26-27.

## RULE 5 STATEMENT AND TIMELINESS

Hester has not previously used any other federal remedies or filed any prior postconviction motions. No evidentiary hearings have been conducted. A transcript from the sentencing hearing is attached to this response.

Hester's motion, filed on August 25, 2022, is timely (though he filed it before his conviction became final). Doc. 42. A § 2255 motion is timely if it is filed within one year of the date on which the judgment of conviction becomes final. § 2255(f)(1). Hester's conviction became final on September 5, 2022, when his deadline to file an appeal expired. *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); Fed. R. App. 4(b)(1)(A)(i). Thus, he had until September 5, 2023, in which to file his § 2255 motion.

## ARGUMENT

Hester alleges that he was denied the effective assistance of counsel and that his sentence should be reduced based on his personal characteristics and the health needs of his family members. While the Court construes Hester's pro se motion liberally, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court cannot craft arguments for him. *See United States v. Mullins*, 748 F. App'x 795, 798 (10th Cir. 2018) (unpublished).

Even construing them liberally, all of Hester's claims should be rejected.

**I.     Hester has not established that he received ineffective assistance of counsel.**

To establish that he was denied the effective assistance of counsel, Hester must show that (1) counsel's performance was deficient, and that (2) he suffered prejudice as

3

a result.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The defendant must make both showings.  *See id.*  Hester does not make either.

> **A.     Hester does not allege prejudice with respect to his ineffective-assistance-of-counsel claim.  The Court should reject it on that basis.**

*Strickland*'s prejudice prong requires a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 694).  A "reasonable probability" is one "sufficient to undermine confidence in the outcome."  *Id.* (citation omitted).  Hester must show that—but for counsel's ineffective assistance—he would not have pleaded guilty and would have insisted on going to trial, *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985), or a reasonable probability exists that he would have received a shorter sentence, *see Glover v. United States*, 531 U.S. 198, 203-04 (2001); *United States v. Becker*, 109 F. App'x 264, 269-70 (10th Cir. 2004) (unpublished) (acknowledging this theory of prejudice).

Nowhere does Hester contend that, but for counsel's deficient performance, he would not have pleaded guilty.  *Cf.* Doc. 42.

Nor does he explain how counsel's failure to advise him on the proof necessary to show his wife's health challenges would have resulted in a shorter sentence.  Doc. 42 at 2-3.  The PSR stated that Hester's wife "suffers from diabetes, is disabled, and requires the use of a wheelchair[,]" and that Hester "was her caretaker."  Doc. 33 at 32.  At sentencing, defense counsel specifically detailed Hester's wife's health issues in

4

seeking a variant sentence. Attach. at 13-15. Counsel explained her conditions and stated:

> I would ask the Court to consider family circumstances in terms of a variance because [Hester's wife] has struggled mightily to find a caretaker. There is a family friend here that is a caretaker for her part time, but she can't do it in the evening. And if Mr. Hester was able to come home at some time soon, he would be her caretaker at all times. And he was starting to do that before this case.

Attach. at 14. When Hester addressed the court, he also referenced his wife's health challenges. Attach. at 21-23.

But the district court rejected counsel's motion for a variant sentence as follows:

> The oral motion for a variant sentence based on [Hester's] wife's circumstances is denied. The Court does not have enough information before it to indicate that this falls within the guidelines and, *even if it did, it is not like he has no one who can take care of her. It just doesn't merit a downward departure or variance.*

Attach. at 26 (emphasis added). Thus, the Court's statements at sentencing foreclose Hester's claim that he would have received a shorter sentence but for counsel's allegedly deficient performance. Attach. at 26.

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed[,]" and this Court need not examine whether counsel was ineffective at all. *Strickland*, 466 U.S. at 697; *see also, e.g.*, *Gilson v. Sirmons*, 520 F.3d 1196, 1248 (10th Cir. 2008) ("We find it unnecessary to address Gilson's arguments, both of which focus on the first *Strickland* prong, because we conclude . . . that Gilson cannot satisfy the second *Strickland* prong.").

### B. Hester has not established that his attorney's performance fell below an objective standard of reasonableness.

At any rate, Hester hasn't established that his counsel's failure to advise him on the proof required to show his wife's disability amounted to ineffective performance under *Strickland*.

To be deficient, counsel's performance must fall below an "objective standard of reasonableness[,]" overcoming the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 688-89. The Constitution does not demand flawless representation. Hester "must show that counsel's performance was completely unreasonable, not simply wrong." *Meadows v. Lind*, 996 F.3d 1067, 1075 (10th Cir. 2021) (citation omitted).

Again, counsel moved for a variant sentence based on Hester's wife's health conditions. Attach. at 13-15. Hester does not explain how a minimally effective attorney would have advised him on proving his wife's health conditions or would have provided documentation of those conditions. Hester doesn't even allege that such documents exist or that counsel declined to request them from him. *Cf. Cummings v. Sirmons*, 506 F.3d 1211, 1225 (10th Cir. 2007) (rejecting ineffectiveness claim on failure to obtain records because claim did not assert whether any records were available, what information was contained therein, or how the information would have been successfully used at trial).

Accordingly, Hester's bare-bones assertion does not overcome the strong presumption that counsel provided adequate assistance, *see Cullen*, 563 U.S. at 189, and it fails to "identify the acts or omissions" that were not "the result of reasonable

professional judgment[,]" *Strickland*, 466 U.S. at 690.  This conclusory claim doesn't establish *Strickland*'s first prong.  *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[W]e are not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."); *accord, e.g.*, *United States v. Hall*, 746 F. App'x 773, 776 (10th Cir. 2018) (unpublished).

## II. Hester's request for compassionate release is not cognizable under § 2255.  Regardless, that claim should be rejected.

Hester also appears to seek a shorter sentence via compassionate release. Doc. 42 at 7-11.[1]  But that claim isn't cognizable in this § 2255 motion.  Relief under § 2255 is reserved for jurisdictional errors, constitutional errors, fundamental defects resulting in complete miscarriages of justice, or omissions "inconsistent with the rudimentary demands of fair procedure."  *Hill v. United States*, 368 U.S. 424, 428 (1962).  "A nonconstitutional, nonjurisdictional error must 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"  *United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998) (quoting *Hill*, 368 U.S. at 428), *abrogated on other grounds as recognized in United States v. Harms*, 371 F.3d 1208 (10th Cir. 2004).

Compassionate release does not satisfy these requirements for relief under § 2255.  *See Richman v. United States*, No. 22-10565-C, 2022 WL 1658387, at *1 (11th

---

[1] Hester alternatively seeks to remain at F.C.I. Englewood.  Doc. 42 at 11.  The Bureau of Prisons, not the Court, determines an inmate's designation, and that decision "is not reviewable by any court."  18 U.S.C. § 3621(b).

Cir. Apr. 26, 2022) (unpublished) ("Richman's request for compassionate release was not cognizable in his § 2255 proceedings, as 18 U.S.C. § 3582(c)(1)(A)(i) governs motions for compassionate release filed by prisoners.").

Construing his motion as one under the compassionate release statute, it's still deficient.  Hester fails to explain whether (1) he fully exhausted his administrative rights in the Bureau of Prisons or (2) the warden of his institution failed to act for a period of thirty days after receiving Hester's request for compassionate release.  Thus, Hester did not satisfy the exhaustion requirement in the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Gieswein*, No. 22-6014, 2022 WL 2841835, at *3 (10th Cir. July 21, 2022) (unpublished) (discerning no abuse of discretion in court's dismissal of motion for the defendant's failure to exhaust his administrative remedies).

Even if Hester established an extraordinary and compelling circumstance justifying release, and even if his compassionate release claim was cognizable in this proceeding, a sentence reduction is still inconsistent with the sentencing factors in 18 U.S.C. § 3553(a).  *See* § 3582(c)(1)(A)(i) (requiring consideration of these factors before granting compassionate release based on extraordinary and compelling reasons).

Beginning with the nature and circumstances of his offenses, Hester resisted arrest on the weapons charge and bit an officer trying to restrain him, drawing blood.  Doc. 33 at 5.  At that time, he had a handgun and a switchblade on his person and a semi-automatic pistol and drugs in his carjacked van.  Doc. 33 at 5.  During the bank

robbery, Hester caused the victim bank teller fear when he slammed the counter and aggressively demanded money. Doc. 33 at 4.

As for his history, characteristics, and need for deterrence, Hester has at least 40 total criminal convictions, eight of which are felonies. Docs. 33 at 8-30; 33-1 at 5; Attach. at 23-24. The bank robbery here was his third, and the gun charge represented his second federal firearms conviction. Doc. 33 at 26, 28; Attach. at 19, 23-24. Thus, previous sentences have not sufficiently deterred Hester's criminal conduct, and a lengthy sentence is needed to protect the public from future crimes. *See* § 3553(a)(1), (2)(B)-(C); *see also* Attach. at 26 (Court making this point at sentencing). A sentence reduction does not comport with the factors under § 3553(a)—factors the Court just considered when it sentenced him in August 2022. Attach. at 33.

* * * *

A defendant is not entitled to a hearing on his § 2255 motion if the motion, files, and records conclusively show he is not entitled to relief, or there are no disputed factual issues to be resolved. *See* § 2255(b). "Given the conclusory nature of Defendant's allegations" and the absence of disputed facts, no hearing is warranted here. *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012); *United States v. Gonzalez*, 596 F.3d 1228, 1244 (10th Cir. 2010) (denying certificate of appealability on whether district court erroneously denied hearing on § 2255 motion because there were no relevant, disputed facts that needed to be resolved). And, separately, Hester hasn't shown that he is entitled to compassionate release.

## CONCLUSION

Hester's motion should be denied.

DATED this 12th day of October, 2022.

>Respectfully Submitted,
>
>Cole Finegan
>United States Attorney
>
>s/ *Elizabeth Ford Milani*
>Elizabeth Ford Milani
>Assistant United States Attorney
>1801 California Street, Suite 1600
>Denver, CO 80202
>Telephone: (303) 454-0100
>Fax: (303) 454-0408
>E-mail: Elizabeth.Ford.Milani@usdoj.gov
>
>Counsel for Plaintiff-Respondent
>United States of America

## CERTIFICATE OF SERVICE

I hereby certify that <u>on October 12, 2022</u>, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that a copy will be placed in the U.S. Mail, postage pre-paid and addressed to the following:

Donnique J. Hester
Reg. No. 33600-013
FCI Englewood
9595 West Quincy Avenue
Littleton, CO 80123

<u>/s/ Kayla Keiter</u>
KAYLA KEITER
 U.S. Attorney's Office
