**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 22-cv-02194-CMA
Criminal Action No. 22-cr-00052-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

DONNIQUE HESTER,

      Defendant.

---

### ORDER DENYING MOTION TO VACATE SENTENCE

---

This matter is before the Court on Defendant Donnique Hester's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 42), filed *pro se* on August 55, 2022. The Motion is denied for the following reasons.

## I.    <u>BACKGROUND</u>

Mr. Hester was charged with Bank Robbery and Possession of a Firearm or Ammunition by a Convicted Felon, in violation of 18 U.S.C. §§ 2113(a) and 922(g)(1), respectively. (Doc. # 1.) He was appointed counsel, and he ultimately pled guilty to both counts. (Doc. # 24.) In exchange for Mr. Hester's guilty plea, the Government recommended (1) a sentence reduction for acceptance of responsibility, and (2) a sentence at the low-end of the applicable guideline range. (*Id.* at 2.) Mr. Hester was

convicted and sentenced to 92 months in prison—the minimum of the advisory guideline range. (Doc. # 39; Doc. # 48 at 27.)

Mr. Hester, proceeding *pro se*, now contends that his sentence should be reduced. (Doc. # 42.) He asserts that his counsel provided ineffective assistance in failing to provide the Court with documentation of his wife's disabilities. (*Id.* at 3–4, 10.) Mr. Hester also requests an attorney. (*Id.* at 5.) Finally, as an alternative, Mr. Hester seeks a transfer to Englewood Federal Correctional Institution or a shorter sentence by means of a request for compassionate release due to his age and his wife's disabilities. (*Id.* at 11.)

Having reviewed Mr. Hester's Motion, the Government's Response thereto, and the relevant exhibits, the Court determines that Mr. Hester has failed to establish a basis to vacate or reduce his sentence, and that his requests for transfer or compassionate release are not properly before this Court. The Court therefore denies Mr. Hester's Motion.

## II.   STANDARD OF REVIEW

### A.   STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion and other documents before the court "conclusively show that [the d]efendant is not

entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

**B.    *PRO SE* STANDARD OF REVIEW**

Because Defendant is proceeding *pro se*, the Court "review[s their] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the Court is "not required to fashion [a d]efendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110.

### III.    <u>DISCUSSION</u>

**A.    APPOINTMENT OF COUNSEL**

Mr. Hester asks the Court to appoint him counsel. (Doc. # 42 at 5.) Decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Id.* In particular, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an

attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Furthermore, Rule 6(a) provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

The Court has determined it can resolve the Motion without an evidentiary hearing, and no discovery has been requested or authorized. Therefore, Mr. Hester is not entitled to appointment of counsel and the Court is not persuaded that appointment of counsel is necessary in the interest of justice. The factors to consider in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the litigant's ability to present his claims, and the complexity of the legal issues being raised. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). The habeas claims raised by Mr. Hester are not particularly complex nor does it appear that Mr. Hester lacks the ability to argue the merits of those claims. Therefore, the Court denies Mr. Hester's request to appoint counsel. (Doc. # 42 at 5.)

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Mr. Hester asserts that he was provided ineffective legal assistance. (*Id.* at 3–4, 10.) A defendant claiming to have received ineffective assistance of counsel must show that (1) his attorney's performance was deficient; and (2) the attorney's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To

establish deficient performance, the defendant must show that his attorney's representation "fell below an objective standard of reasonableness" under "prevailing professional norms." *Id*. at 687–88. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that, absent the errors, "the result of the proceeding would have been different." *Id*. at 694. "[T]o satisfy the 'prejudice' requirement" in a case where the defendant pleaded guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Mr. Hester argues that his counsel's performance fell below objective standards of reasonableness by failing to notify him that paperwork was needed to prove his wife's disability. (Doc. # 42 at 3–4.) Mr. Hester appears to insinuate that had such paperwork been provided to the Court, he would have received a lesser sentence. However, Mr. Hester's conclusory allegations, without more, are insufficient to establish his counsel was ineffective.

1.    Counsel's Performance

First, the Court notes that at Mr. Hester's Sentencing hearing counsel advised the Court of his wife's disabilities and orally moved for a variant sentence on the basis of extraordinary family circumstances. (Doc. # 48 at 13–15.) The Court denied this motion and stated that Mr. Hester's wife's circumstances did not merit a downward departure or variance. (*Id*. at 26.) Importantly, although Mr. Hester argues that his

attorney did not advise him that he needed "paperwork to prove" his wife's disability, Mr.

Hester has not identified records documenting his wife's conditions or explained how

such records would have altered the outcome of his proceedings. (Doc. # 42 at 3.) *See*

*Cummings v. Sirmons*, 506 F.3d 1211, 1225 (10th Cir. 2007) (rejecting ineffectiveness

claim on failure to obtain records because claim did not assert whether any records

were available, what information was contained therein, or how the information would

have been used successfully). Thus, Mr. Hester has not established that his counsel's

performance fell below an objective standard of reasonableness." *Strickland*, 466 U.S.

at 688.

  2. <u>Prejudice</u>

  Mr. Hester also has not demonstrated that his counsel's performance resulted in

prejudice. In other words, he has not shown a "reasonable probability" that had his

attorney presented evidence of his wife's disability he would not have pled guilty, or the

Court's sentencing determination would have been different. *Id.* at 694; *Hill*, 474 U.S. at

58. As discussed above, Mr. Hester's counsel made his wife's circumstances known to

the Court prior to the imposition of his sentence. (Doc. # 48 at 13–15.) Further, Mr.

Hester's presentence investigation report noted that his wife "suffers from diabetes, is

disabled, and requires the use of a wheelchair[,]" and that Mr. Hester "was her

caretaker." (Doc. # 33 at 32.) Finally, Mr. Hester has not explained how his wife's

circumstances fall within the factors the Court must consider in imposing a sentence set

forth at 18 U.S.C. § 3553. *See* U.S.S.G. § 5H1.6 (explaining that for most offenses

"family ties and responsibilities are not ordinarily relevant in determining whether a

departure may be warranted."). *But see United States v. Muñoz-Nava*, 524 F.3d 1137, 1148 n.6 (10th Cir. 2008) (noting that a factor's disfavor by the guidelines no longer excludes it from consideration under 18 U.S.C. § 3553).

Overall, Mr. Hester's conclusory allegations related to his wife's circumstances are insufficient to demonstrate his was prejudiced by his counsel's alleged ineffective assistance. *See United States v. Peña*, 566 F. App'x. 645, 650 (10th Cir. 2014) ("Ultimately, it is beyond cavil that conclusory allegations . . . do not satisfy Strickland's prejudice inquiry."). Because Mr. Hester has not demonstrated that either counsel's performance in failing to advise him to provide documentation related to his wife's disability was deficient, or that this deficiency was prejudicial, his claim of ineffective assistance fails.

## C.    COMPASSIONATE RELEASE

Mr. Hester also seeks a shorter sentence by means of a request for compassionate release. (Doc. # 42 at 11.) A request for compassionate release falls outside the purview of a § 2255 motion. 28 U.S.C. § 2255(a) ("A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see also United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998) (explaining that to be considered in a 2255 motion, "[a] nonconstitutional, nonjurisdictional error must 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is

apparent.'" (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)), *abrogated on other grounds as recognized in United States v. Harms*, 371 F.3d 1208 (10th Cir. 2004). Requests for compassionate release, on the other hand, are governed by 18 U.S.C. § 3582. However, the Court will discuss the request because Mr. Hester is *pro se*. *Trackwell*, 472 F.3d at 1243. The Government argues that Mr. Hester's request for compassionate release should be denied for failure to exhaust his administrative remedies. (Doc. # 52 at 8.)

Under 18 U.S.C. § 3582(c)(1)(A), the Court may not consider a defendant's motion to modify his sentence until "the defendant has fully exhausted all administrative rights." Generally speaking, this means a defendant must petition the warden of his place of incarceration before seeking relief in this Court. *Id*. Mr. Hester has not indicated whether he took any actions to exhaust his administrative remedies. Therefore, pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court is without jurisdiction to consider compassionate release, and his request must be denied.

**D.    TRANSFER**

Finally, Mr. Hester briefly requests transfer to the Englewood Federal Correctional Facility. (Doc. # 42 at 11.) This request also falls outside the purview of a 2255 Motion. The proper avenue for Mr. Hester to challenge the location or conditions of his confinement is through a civil rights action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971). *See United States v. Garcia*, 470 F.3d 1001, 1003 (10th Cir. 2006) (holding requests by federal prisoners for a change in their place of confinement were properly denied by the district

court where such requests were not raised in civil rights complaints comporting with the requirements of *Bivens*).

However, Mr. Hester must also exhaust his administrative remedies prior to bringing such an action. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or specific episodes. *Porter v. Nussle*, 534 U.S. 516, 526 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Exhaustion of administrative remedies is mandatory and is intended to give corrections officials an opportunity to address complaints internally before initiation of a federal lawsuit.  *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Mr. Hester has not indicated whether he took any actions to exhaust his administrative remedies related to his request to transfer facilities. Therefore, pursuant to 42 U.S.C. § 1997e(a), Mr. Hester's transfer request must be denied.

**E.    CERTIFICATE OF APPEALABILITY**

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is only made when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."

*United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Mr. Hester has not made a substantial showing of the denial of a constitutional right.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Hester's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 42) is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Hester has not made a substantial showing of the denial of a constitutional right.

The Clerk is directed to close this case.

DATED: February 16, 2023.

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge